IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KATELYN HANKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | File No. |
| MARISCOS IRVING, INC. and | ) | |
| PIONEER VILLAGE OFFICE L.P., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, KATELYN HANKS, by and through the undersigned counsel, and files this, his Complaint against Defendants, MARISCOS IRVING, INC. and PIONEER VILLAGE OFFICE L.P., pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.  This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' MARISCOS IRVING, INC. and PIONEER VILLAGE OFFICE L.P., failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.  Plaintiff, KATELYN HANKS (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Dallas, Texas (Dallas County).

3.  Plaintiff is disabled as defined by the ADA.

4.  Plaintiff is required to traverse in a wheelchair and is substantially limited in

1

performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. Her motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes").

7. Defendant, MARISCOS IRVING, INC. (hereinafter "MARISCOS IRVING, INC."), is a Texas company that transacts business in the State of Texas and within this judicial district.

8. Defendant, MARISCOS IRVING, INC., may be properly served with process via its registered agent for service, to wit: Rosa Nelly Jasso, Registered Agent, 1335 N. Beltline Rd., Irving, TX 75061.

9. Defendant, PIONEER VILLAGE OFFICE L.P. (hereinafter "PIONEER VILLAGE OFFICE L.P"), is a Texas limited partnership that transacts business in the State of Texas and within this judicial district.

10. Defendant, PIONEER VILLAGE OFFICE L.P., may be properly served with process via its registered agent for service, to wit: L. Lawrence Kim, Registered Agent, 5720 LBJ Freeway, Suite 410, Dallas, TX 75240.

**FACTUAL ALLEGATIONS**

11. On or about October 17, 2019 Plaintiff was a customer at "Mariscos La Marina," a business located at 1335 North Beltline Road, Irving, TX  75061, referenced herein as the "Mariscos La Marina."

12. Mariscos La Marina is operated by Defendant, MARISCOS IRVING, INC.

13. Defendant, MARISCOS IRVING, INC., is the lessee or sub-lessee of the real property and improvements that are the subject of this action.

14. Defendant, PIONEER VILLAGE OFFICE L.P., is the owner of the real property and improvements that Mariscos La Marina is situated upon and that is the subject of this action, referenced herein as the "Property."

15. Plaintiff lives 18 miles from Mariscos La Marina and the Property.

16. Plaintiff's access to the business(es) located at 1335 North Beltline Road, Irving, TX 75061, Dallas County Property Appraiser's parcel ID number 32403500000010000 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of her disabilities, and she will be denied and/or limited in the future unless and until Defendants, MARISCOS IRVING, INC. and PIONEER VILLAGE OFFICE L.P., are compelled to remove the physical barriers to access and correct the ADA violations that exist at Mariscos La Marina and the Property, including those set forth in this Complaint.

17. Plaintiff has visited Mariscos La Marina and the Property at least once before as a customer and advocate for the disabled.  Plaintiff intends on revisiting Mariscos La Marina and the Property within six months or sooner, as soon as the barriers to access detailed in this Complaint are removed and Mariscos La Marina and the Property is accessible again.  The purpose of the revisit is

to be a regular customer, to determine if and when Mariscos La Marina and the Property is made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

18.     Plaintiff intends on revisiting Mariscos La Marina and the Property to purchase food and/or services as a regular customer living in the near vicinity as well as for Advocacy Purposes, but does not intend to re-expose herself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

19.     Plaintiff travelled to Mariscos La Marina and the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at Mariscos La Marina and the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at Mariscos La Marina and the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

20.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

21.     Congress found, among other things, that:

(i)     some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)   discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health

4

        services, voting, and access to public services;

(iv)    individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)    the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

22.    Congress explicitly stated that the purpose of the ADA was to:

(i)    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

\* \* \* \* \*

(iv)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

23.    The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

24.    The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

25.    Mariscos La Marina is a public accommodation and service establishment.

26. The Property is a public accommodation and service establishment.

27. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

28. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

29. Mariscos La Marina must be, but is not, in compliance with the ADA and ADAAG.

30. The Property must be, but is not, in compliance with the ADA and ADAAG.

31. Plaintiff has attempted to, and has to the extent possible, accessed Mariscos La Marina and the Property in her capacity as a customer of Mariscos La Marina and the Property and as an independent advocate for the disabled, but could not fully do so because of her disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at Mariscos La Marina and the Property that preclude and/or limit her access to Mariscos La Marina and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

32. Plaintiff intends to visit Mariscos La Marina and the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at Mariscos La Marina and the Property, but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Mariscos La Marina and the Property that preclude and/or limit her access to Mariscos La Marina and the

Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

33. Defendants, MARISCOS IRVING, INC. and PIONEER VILLAGE OFFICE L.P., have discriminated against Plaintiff (and others with disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Mariscos La Marina and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

34. Defendants, MARISCOS IRVING, INC. and PIONEER VILLAGE OFFICE L.P., will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, MARISCOS IRVING, INC. and PIONEER VILLAGE OFFICE L.P., are compelled to remove all physical barriers that exist at the Mariscos La Marina and the Property, including those specifically set forth herein, and make Mariscos La Marina and the Property accessible to and usable by Plaintiff and other persons with disabilities.

35. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to Mariscos La Marina and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Mariscos La Marina and the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

(i) Near Mariscos La Marina, due to an improper policy of maintenance, there is an accessible parking space that is not adequately marked due to fading and lack of

maintenance and is in violation of Section 502.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(ii) Near Mariscos La Marina, the ground surfaces of the access aisle have vertical rises in excess of ¼ (one quarter) inch in height, are not stable or slip resistant, have broken or unstable surfaces or otherwise fail to comply with Sections 302, 303 and 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(iii) Near Mariscos La Marina, the accessible parking space is missing a proper identification sign in violation of Section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(iv) Near Mariscos La Marina, the accessible ramp servicing the accessible parking space lacks a clear and level landing in violation of Section 406.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(v) Due to a policy of not having parking stops for the parking spaces directly in front of the exterior access route, vehicles routinely pull up all the way to the curb and the "nose" of the car extends into the access route causing the exterior access route to routinely have clear widths below the minimum thirty-six (36") inch requirement specified by Section 403.5.1 of the 2010 ADAAG Standards. This violation made it dangerous and difficult for Plaintiff to access exterior public features of the Property.

(vi) In front of Mariscos La Marina, due to a policy of not having parking stops for the parking spaces directly in front of the exterior access route, vehicles routinely pull up all the way to the curb and the "nose" of the car extends into the access route

causing the exterior access route to be impassible in a wheelchair in violation of section 502.7 of the 2010 ADAAG Standards. This violation made it dangerous and difficult for Plaintiff to access exterior public features of the Property.

(vii) In Mariscos La Marina, the interior has walking surfaces leading to the restroom lacking a 36 (thirty-six) inch clear width, due to a policy of storing highchairs and the placement of a gumball machine in the accessible route, in violation of Section 403.5.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to properly utilize public features at the Property.

(viii) At Mariscos La Marina, there is a doorway threshold with a vertical rise in excess of ½ (one half) inch and does not contain a bevel with a maximum slope of 1:2 in violation of Section 404.2.5 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the interior of the Property.

(ix) In Mariscos La Marina, the bar is lacking any portion of the counter that has a maximum height of 34 (thirty-four) inches from the finished floor in violation of Section 902.3 of the 2010 ADAAG standards, all portions of the bar exceed 34 (thirty-four) inches in height from the finished floor. This violation made it difficult for Plaintiff to enjoy the unique eating experience at the bar.

(x) The Property lacks an accessible route connecting accessible facilities, accessible elements and/or accessible spaces of the Property in violation of Section 206.2.2 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access public features of the Property.

(xi) The total number of accessible parking spaces is inadequate and is in violation of Section 208.2 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(xii) Near Cash 4 Gold there is an accessible parking space that is not adequately marked, due to an inadequate policy of maintenance, and is in violation of Section 502.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(xiii) Near Cash 4 Gold, the accessible parking space is not level due to the presence of the accessible ramp in the accessible parking space in violation of Section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xiv) Near Cash 4 Gold, the accessible curb ramp improperly protrudes into the access aisle of the accessible parking space in violation of section 406.5 of the 2010 ADAAG Standards.

(xv) Near Cash 4 Gold, the accessible parking space has excessive vertical rises, is not level and therefore in violation of Sections 303.2 and 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xvi) Near Cash 4 Gold, the access aisle has excessive vertical rise and is in violation of Sections 303.2 and 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xvii) Near Cash 4 Gold, the access aisle adjacent to the accessible parking space has a surface slope in excess of 1:48 in violation of Section 502.4 of the 2010 ADAAG standards and are not level. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xviii) Near Cash 4 Gold, the ground surfaces of the accessible ramp have vertical rises in excess of ¼ (one quarter) inch in height, are not stable or slip resistant, have broken or unstable surfaces or otherwise fail to comply with Sections 302, 303 and 405.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(xix) Near Cash 4 Gold, the accessible ramp side flares have a slope in excess of 1:10 in violation of Section 406.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(xx) Near Cash 4 Gold, the Property lacks an accessible route from accessible parking space to the accessible entrance of the Property, due to the fact that a car parked in the accessible parking space will block the ramp, in violation of Section 206.2.1 of the 2010 ADAAG standards.  This is also a violation of section 208.3.1 which requires all accessible parking spaces to be on an accessible route to the entrances of the property. This violation made it difficult for Plaintiff to access the units of the Property.

(xxi) Near Cash 4 Gold, the accessible parking space is missing a proper identification sign in violation of Section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(xxii) The Property lacks an accessible route from the sidewalk to the accessible entrances in violation of Section 206.2.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(xxiii) Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**MARISCOS LA MARINA RESTROOMS**

(i) The door to the restrooms has a maximum clear width below 32 (thirty-two) inches in violation of Section 404.2.3 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(ii) The restrooms lack proper door hardware in violation of Section 404.2.7 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(iii) The actionable mechanism of the paper towel dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(iv) The mirror in the bathrooms exceeds the maximum height permitted by Section 603.3 of the 2010 ADAAG standards. This violation made it difficult for the Plaintiff and/or any disabled individual to properly utilize public features of the restroom.

36. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at Mariscos La Marina and the Property.

37. Plaintiff requires an inspection of Mariscos La Marina and the Property in order to determine all of the discriminatory conditions present at Mariscos La Marina and the Property in violation of the ADA.

38. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

39. All of the violations alleged herein are readily achievable to modify to bring Mariscos La Marina and the Property into compliance with the ADA.

40. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Mariscos La Marina and the Property is readily achievable because the nature and cost of the modifications are relatively low.

41. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Mariscos La Marina and the Property is readily achievable because Defendants, MARISCOS IRVING, INC. and PIONEER VILLAGE OFFICE L.P., have the financial resources to make the necessary modifications.

42. Upon information and good faith belief, Mariscos La Marina and the Property have been altered since 2010.

43. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

44. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendants, MARISCOS IRVING, INC. and PIONEER VILLAGE OFFICE L.P., are required to remove the

physical barriers, dangerous conditions and ADA violations that exist at Mariscos La Marina and the Property, including those alleged herein.

45. Plaintiff's requested relief serves the public interest.

46. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, MARISCOS IRVING, INC. and PIONEER VILLAGE OFFICE L.P.

47. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, MARISCOS IRVING, INC. and PIONEER VILLAGE OFFICE L.P., pursuant to 42 U.S.C. §§ 12188 and 12205.

48. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, MARISCOS IRVING, INC. and PIONEER VILLAGE OFFICE L.P., to modify Mariscos La Marina and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant, MARISCOS IRVING, INC., in violation of the ADA and ADAAG;

(b) That the Court find Defendant, and PIONEER VILLAGE OFFICE L.P., in violation of the ADA and ADAAG;

(c) That the Court issue a permanent injunction enjoining Defendants, MARISCOS IRVING, INC. and PIONEER VILLAGE OFFICE L.P., from continuing their discriminatory practices;

(d) That the Court issue an Order requiring Defendants, MARISCOS IRVING, INC. and PIONEER VILLAGE OFFICE L.P., to (i) remove the physical barriers to access and (ii) alter Mariscos La Marina and the Property to make it readily accessible to and

useable by individuals with disabilities to the extent required by the ADA;

(e) That the Court award Plaintiff her reasonable attorneys' fees, litigation expenses and costs; and

(f) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: October 25, 2019.                    Respectfully submitted,

THE SCHAPIRO LAW GROUP, P.L.

/s/  Douglas S. Schapiro
Douglas S. Schapiro, Esq.
*Attorney-in-Charge for Plaintiff*
Northern District of Texas ID No. 54538FL
The Schapiro Law Group, P.L.
7301-A W. Palmetto Park Rd., Suite 100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com

Law Offices of
LIPPE & ASSOCIATES

/s/  Emil Lippe, Jr.
Emil Lippe, Jr., Esq.
State Bar No. 12398300
Lippe & Associates
12222 Merit Drive, Suite 1200
Dallas, TX 75251
Tel: (214) 855-1850
Fax: (214) 720-6074
emil@texaslaw.com

ATTORNEYS FOR PLAINTIFF
KATELYN HANKS